UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 8:18-cv-01945-JSM-SPF  (Moody / Flynn)

PATRICIA KENNEDY, Individually,

      Plaintiff,

vs.

BENITO LECOCHE d/b/a TARPON
SHORES INN,

      Defendant.

_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES, COSTS, LITIGATION EXPENSES
AND MEMORANDUM OF LAW**

Defendant, BENITO LECOCHE d/b/a TARPON SHORES INN by and through undersigned counsel, hereby files its response in opposition to Plaintiff's motion for attorney's fees, costs, litigation expenses and memorandum of law and states as follows:

Plaintiff's motion paints an incomplete picture in an attempt to persuade this Court to award counsel an egregious amount of fees and costs.  However, just last month, this Court had occasion to consider, and analyze, an extremely similar request for attorney's fees by Plaintiff's counsel.  *See Kennedy v. Sun Coast Motels, Inc.*, No. 8:18-cv-01688-JSM-CPT. Importantly, in *Sun Coast Motels, Inc.*, this Court significantly reduced Plaintiff's counsel requested fees and costs, and the same result is warranted here for essentially the same exact reasons.

## Memorandum of Law

**I.    This Court Should Exercise its Discretion and Deny Plaintiff's Motion for Attorney's Fees [DE 17]**

As evident from Plaintiff's counsel's fee motion and billing records, Plaintiff's counsel has not learned from previous rulings.  As this Court previously noted, "[t]he purpose of the ADA is to ensure accessibility to public accommodations for disabled individuals, *not to enrich attorneys*."  *Macort v. Checker Drive-In Restaurants, Inc.*, No. 8:03-cv-1328-T-30EAJ, 2005 WL 332422 (M.D. Fla. Jan. 28, 2005) (emphasis added) citing *Brother v. Tiger Partner, LLC*, 331 F.Supp.2d 1368, 1375 (M.D. Fla. July 6, 2004) ("the means for enforcing ADA (attorney's fees) have become more important and desirable than the end (accessibility for disabled individuals).")

Here, the means for enforcing the ADA appear to be the motive behind the instant matter.  Again, the purpose of the ADA is to *ensure accessibility*, **not** to award an inordinate amount of attorney's fees at the expense of a small business.  Instead of attempting to actually resolve this matter and obtain the relief complained of by the Plaintiff, Plaintiff's counsel filed this lawsuit and immediately sought to extract an excessive fee/cost reimbursement in order to resolve the case amicably, although, at the time, Plaintiff's counsel only had billed approximately $2,310.00 in "reasonable time.[1]

---

[1] This amount is calculated as of August 23, 2018, at which time Plaintiff's counsel conveyed his Hobson's Choice of three (3) different resolutions, all of which focused essentially on Plaintiff's counsel's desired fees:

A.   Option 1 - Within 24 months, bring Defendant's website into compliance with the requirements of 28 C.F.R. Section 36.302(e)(1) as it pertains to the property identified in the Complaint, with a notice/opportunity to cure period of 180 days and a release of all claims or potential claims pertaining to both the subject website and physical aspects of the physical property identified in the Complaint; and, "in exchange for these significant compromises, and for past, present and anticipated future costs, expenses and attorney time, Defendant will pay the sum of $10,500.00.";

If in fact Plaintiff's counsel's main focus was ensuring accessibility for his client, it would appear that Plaintiff's counsel would have immediately resolved the matter for a more reasonable fee – *the amount he actually billed at that time* – and not an additional $4,200.00 to resolve the matter *amicably*.   As Judge Presnell has noted:

> One might reasonably ask whether attorney's fees should be awarded where no effort is made pre-suit to obtain voluntary compliance.  After all, if the litigation achieves no result other than that which could be accomplished by agreement, what social or economic value has been added by the lawyer's decision to file a suit without warning?   Indeed, under this scenario, it would seem that litigation carries only negative economic value – it has accomplished nothing but expense and waste of precious judicial resources.

*Macort*, 2005 WL 332422, at \*1 citing *Rodriguez v. Investco, L.L.C.,* 305 F.Supp.2d 1278, 1282 n.14 (M.D. Fla. Feb. 24, 2004).  Plaintiff afforded the Defendant zero opportunity to voluntarily remedy the issues outlined in the Plaintiff's complaint.  Instead, the Plaintiff filed the instant lawsuit and quickly achieved the same result she would have had had she provided the Defendant with pre-suit notice.  Therefore, this Court should exercise its discretion and deny Plaintiff's verified application for fees [DE 17] solely on that basis alone.

## II.    This Court Should Significantly Reduce Plaintiff's Counsel's Requested Fees

### A.  Requested Hourly Rate is Unreasonable

"A reasonable hourly rate is the prevailing rate in the relevant legal community for

---

B.   Within 12 months, bring Defendant's website into compliance with the requirements of 28 C.F.R. Section 36.302(e)(1), with no notice/opportunity to cure clause and a release limited to the subject website; and payment of $6,500.00 for fees and costs; or

C.   Within 12 months, bring Defendant's website into compliance with the requirements of 28 C.F.R. Section 36.302(e)(1), with no notice/opportunity to cure clause and a release limited to the subject website; and Court to determine the amount of attorney fees, costs and litigation expenses. This would require that the parties enter into a consent decree, conditioned on the court approving and retaining jurisdiction to enforce.

similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of the City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with the prevailing market rates." *Id.* The court "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* In determining the reasonableness of the hourly rate, the court may also consider the twelve factors enumerated in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974); *Loranger v. Stierheim*, 10 F.3d 776, 781 n. 6 (11th Cir. 1994) (*per curiam*). Additionally, courts may "exclude hours thought to be unreasonable or unnecessary." *Cabrera v. The Florida Express Bus, LLC*, 2015 WL 12838182 (M.D. Fla. 2015) citing *Norman*, 836 F.2d at 1301. "There is no precise rule or formula for making these determinations." *Thornton v. Wolpoff & Abramson, LLP*, 312 Fed. App'x 161, 164 (11th Cir. 2008) (*per curiam*). The best information available to the court is usually a range of fees set by the marketplace …" *Norman*, 836 F.2d 1292, 1301*; see also Deutsche Bank National Trust Company v. Kessous*, 2016 WL 1444545 (M.D. Fla. 2016). Generally, the relevant market is "the place where the case is filed." *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999), quoting *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994).

The burden is on the fee applicant "to produce satisfactory evidence" that the rate is in line with those prevailing in the community. *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). Satisfactory evidence of the market rate requires more than the mere affidavit of the attorney performing the work. *Id*. at 896 n. 11. Rates billed in similar lawsuits and the relative skill of

the attorneys involved is also probative. *Norman*, 836 F.2d at 1299. Moreover, where billing records are voluminous, "a district court may make a reasonable across the board reduction in hours instead of engaging in the pick and shovel work necessary to make a more precise determination." *Daniel-Rivera v. Everglades College*, 2017 WL 5197509 (S.D. Fla. 2017) citing *Kenny A. ex rel. Winn v. Perdue*, 532 F.3d 1209, 1220 (11th Cir. 2008).

Plaintiff's fee request is based on an hourly rate of $420.00 for the legal services of Philip Michael Cullen, III, Esquire and $115.00 for his paralegal. In order to establish satisfactory evidence of the market rate:

> "It should also be noted that in line with the goal of obtaining objectivity, satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate. *See Hensley,* 461 U.S. [424] at 439 n. 15, 103 S.Ct. [1933] at 1943 n. 15, 76 L.Ed.2d 40. Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence. The weight to be given to opinion evidence of course will be affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge.

*Hansen v. Deerkcreek Plaza, LLC,* 420 F. Supp. 2d 1346, 1350 (S.D. Fla. Mar. 21, 2006). Further, uncontested awards are not "convincing evidence of … reasonable market rates." *Snyder v. A1 Prop. Pres., Inc*., No. 8:12-civ-2014-T-17-MAP, 2013 WL 3155058, at *2 (M.D. Fla. June 19, 2013) citing *Lewis v. Florida Default Law Group, P.L*., No. 8:10-cv-611-T-30AEP, 2012 WL 252837, at *2 (M.D. Fla. Jan. 26, 2012).

Plaintiff cites to several cases in this Circuit where he previously has been awarded fees at the rate of $420.00 per hour. While these cases do confirm this hourly rate, they are significant for other reasons as well. The two (2) cases cited by Mr. Cullen where the court awarded Plaintiff's counsel $420.00 per hour were *uncontested* matters where a default

judgment was entered, or the defendant in those cases did not dispute the requested hourly rate. *See Houston v. South Bay Investors No. 101, LLC*, No. 13-80193-CV, 2013 WL 3874026 (S.D. Fla. July 25, 2013); *Access for the Disabled, Inc. v. EDZ, Inc.*, No. 8:12-cv-02186-EAJ (M.D. Fla. November 25, 2014).[2]

With these principles in mind, it is noteworthy that while Plaintiff's counsel cites to *uncontested* cases in this district and *other districts* in this Circuit in support of his requested hourly rate, Plaintiff's motion, seeking $420.00 per hour, completely overlooks that courts in this District, specifically the Middle District of Florida, have routinely found that a reasonable rate for *Plaintiff's counsel* in contested ADA cases is $300.00 per hour.  *Kennedy v. KSK Investments, LLC, et al.,* No. 6:17-cv-Orl-37KRS, 2017 WL 6387974, at *2 (M.D. Fla. Dec. 14, 2017) (reducing hourly rate from $420.00 to $300.00); *Kennedy v. Radio Road Plaza Investments*, LLC, No. 2:15-cv-630-FTM-29CM, 2017 WL 88944, at *2 (M.D. Fla. Jan. 10, 2017) (reducing hourly rate from $420.00 to $300.00 per hour for attorney's fees); *Harty v. Mal-Motels, Inc.*, 2012 WL 6541873, at *5 (M.D. Fla. Nov. 26, 2012), *report and recommendation adopted*, 2012 WL 6535212 (M.D. Fla. Dec. 14, 2012); *Hoewischer v. T.F. Cowart, TR.,* 3:11-cv-365-J-34MCR (M.D. Fla. June 8, 2012) (recommending a rate of $300.00 per hour for Mr. Bacon's work); *Harty v. Nikita Hotels*, 6:10-cv-1322-Orl-31DAB (M.D. Fla. August 8, 2011) (awarding Mr. Cullen $300.00 per hour); *Access for the Disabled, Inc., v. Osceola Enters. of Kissimmee, Inc.*, 2010 WL 2889876, *6 (M.D. Fla. July 1, 2010)

---

[2] The other two cases cited by Plaintiff also fail to offer support in this matter because they were also cases where a default judgment was entered, or the defendant did not dispute the requested hourly rate. *See Houston v. Arshak Corp.*, No. 0:13-cv-60752 (S.D. Fla. May 22, 2013); *Hoewischer v. Mardini*, No. 3:12-cv-3-J-20JRK (M.D. Fla. Sept. 28, 2012).

(recommending a rate of $300.00 per hour for Mr. Bacon's work), *rejected on other grounds by*, 2010 WL 2889823 (M.D. Fla. July 22, 2010).

In attempting to support his "normal and customary hourly rate," Plaintiff's counsel also relies on an affidavit filed in an unrelated Fair Labor Standards Act ("FLSA") case. Unfortunately, ADA cases and FLSA cases differ dramatically.  As Judge Moody recently quoted in *Sun Coast Motels, Inc.*, "ADA litigation of this type "is not complex litigation.  It is essentially a form practice and no special skill is required."  The instant matter is a prime example of ADA litigation that is *not* complex litigation and is *essentially form practice*. Courts in this District have routinely reduced Plaintiff's counsel's requested hourly rate from $420 to $300, even in an instance where defendants ***did not*** oppose the requested hourly rate. *See Kennedy v. Three J's L.L.P.,* No. 2:16-cv-214-FTM-38MRM, 2018 WL 1036989, at *3 (M.D. Fla. Feb. 6, 2018) ("Other judges in this District, including within this division, have reduced the same lawyers' fees in other ADA cases brought on behalf of Ms. Kennedy.")

To the extent this Court is inclined to award fees for Mr. Cullen, it certainly should not exceed an hourly rate of $300.00 per hour, consistent with recent decisions in the Middle District of Florida.

*B. Plaintiff's counsel's requested number of hours are unreasonable*

Plaintiff's counsel has filed numerous ADA actions on behalf of Plaintiff.  Indeed, Plaintiff's counsel has filed virtually the same complaint in several other cases *on behalf of Plaintiff.  See Kennedy v. Sun Coast Motels, Inc.*, No. 8:18-cv-01688-JSM-CPT (M.D. Fla. Dec. 21, 2018) (DE 1); *Kennedy v. Benito Lecoche d/b/a Tarpon Shores Inn*, No. 8:18-cv-01945-JSM-SPF (M.D. Fla. Aug. 7, 2018) (DE 1); *see also Kennedy v. G6 Hospitality*

*Properties, LLC, d/b/a Studio 6*, No. 0:18-cv-61847-DPG (S.D. Fla. Aug. 9, 2018) (DE 1);

*Kennedy v. Sai Shiv, LLC d/b/a St. Augustine Island Inn*, No. 0:18-cv-62298-BB (S.D. Fla.

Aug. 26, 2018) (DE 1); *Kennedy v. Suresh Patel, d/b/a Scottish Inn*, No. 0:18-cv-62344-FAM

(S.D. Fla. Oct. 2, 2018) (DE 1).

Courts in this Circuit have routinely reduced plaintiff's counsel's requested fees when

counsel prepares routine documents that have been filed in almost identical form in other cases.

Indeed, Mr. Cullen's requested attorney hours have been reduced in several matters when he

has filed and billed for routine documents that have been filed in almost identical form in other

cases. For example, in *Sun Coast Motels, Inc.*, 8:18-cv-01688-JSM-CPT (M.D. Fla. Dec. 21,

2018), this Court reduced Mr. Cullen's requested fees by 35%. *See also*, *National Alliance for

Accessibility, Inc. v. Hull Storey Retail Grp., LLC*, No. 3:10-cv-778-J-34JBT, 2012 WL

3853520, at *5 (M.D. Fla. June 28, 2012) (Judge Toomey recommended a reduction of attorney

hours by 20%, although noting that "[u]nder similar circumstances, other courts in this District

have reduced counsel's time by as much as 50% to account for excessive expenditure of time

in "preparing routine documents that have been filed in almost identical form in other cases")

And in the Southern District, in *Kennedy v. 5096 Forest Hill Investments, LLC*, No.

9:15-cv-81001 (S.D. Fla. Oct. 29, 2015), Judge Rosenburg reduced Plaintiff's counsel's

requested attorney hours, noting:

> Plaintiff's counsel has filed multiple identical complaints on Plaintiff's behalf
> (with only the names of Defendants and the descriptions of the ADA violations
> changed) shortly before and after the complaint in the instant case. *See*, *e.g.*,
> *Kennedy v. Arbor Square Realty Co., LLC*, 9:15-cv-80981-RLR (complaint
> filed July 16, 2015); *Kennedy v. Morrison's of Palm Beach, Inc.*, 9:15-cv-
> 80988-JIC (complaint filed July 17, 2015); *Kennedy v. Gruber Plaza, L.C.*,
> 9:15-cv-81043-WPD (complaint filed July 27, 2015). In light of these filings,
> the Court doubts that counsel could reasonably spend 84 minutes drafting the

complaint, 6 minutes emailing the complaint to the client in whose name multiple identical complaints have been filed, and 6 minutes reviewing the filed complaint.  *See* DE 18-2 at 2-3.  Accordingly, as in *Houston*, the requested attorney hours will be reduced by approximately 35% yielding a total of 10 hours of attorney time.

*Id.*  Taking into account the fact that "[t]his type of litigation is repetitive and form intensive," together with Plaintiff counsel's purported level of experience, a majority of the time spent on this matter was excessive, redundant, vague, and/or otherwise unnecessary and should be substantially reduced.  *Houston v. South Bay Investors #101, LLC*, No. 13-80193-CV, 2013 WL 3874026, at *2 (S.D. Fla. July 25, 2013) (reducing ADA plaintiff's requested fees by 35 percent); *Access for the Disabled, Inc. v. Missouri Mart, Inc.,* No. 8:05-cv-392-T-23MSS, 2006 WL 5432711, at *3 (M.D. Fla. Dec. 7, 2006) (reducing counsel's requested attorney hours by fifty percent); *Brazier v. Debt Recovery, Inc.*, 2005 WL 5950107 (M.D. Fla. 2005) (the brief is "mere boilerplate pleading and plaintiff's counsel should not be rewarded again for work for which he did not perform in this case"); *Barberi v. Mi Viejo San Juan Restaurant, LLC, et al*., No. 1:16-cv-23313-CM (S.D. Fla. 2017) ("[b]ecause the time spent on this matter does not comport with the Court's judgment of what is "reasonable" for essentially rote work, and the invoices submitted do not persuade otherwise, the fees requested will be reduced"); *Brother v. Miami Hotel Investments, Ltd*., 341 F. Supp. 2d 1230, 1236 (S.D. Fla. 2004) (where plaintiff's counsel drafted a "cookie-cutter complaint" that was "virtually identical" to the "numerous other complaints filed by these attorneys," as well as motions and stipulations that contained essentially boilerplate language, court reduced hours sought in fee application); *Gaylor v. Comala Credit Union*, 2012 WL 1987183 (M.D. Ala. 2012) ("by continuously charging for factual revisions to boilerplate briefs" counsel is not exercising "billing judgment"); *Iverson v.*

*Braintree Property Assoc.*, 2008 WL 552652, *3 (D. Mass. 2008) (court reduced fee request by 40% stating, "[j]ust as I credit [counsel's] substantial experience in litigating ADA cases in determining their hourly fee, I also consider that experience here: their obvious familiarity with similar cases suggests that they would be able to prosecute this fairly routine ADA case with a considerably lower expenditure of time than would a rookie.'")

Clerical or Secretarial Work

Plaintiff's counsel also expended a substantial amount of time, and has requested in his motion, fees for time spent on clerical and secretarial work, but "[a] fee applicant is not entitled to compensation at an attorney's rate simply because an attorney undertook tasks which were mundane, clerical, or which did not require the full exercise of an attorney's education and judgment." *Norman*, 836 F.2d 1292, 1306 (11th Cir. 1988); *see also Timothy Tidwell v. Arin Enterprises, LLC*, No. 8:17-cv-2465-T-23AEP (M.D. Fla. Oct. 16, 2018) (reducing time spent by plaintiff's counsel researching title, confirming corporate status and reviewing PACER and prior lawsuits against defendant). Plaintiff's counsel seeks fees for the following entries, which are clearly clerical or secretarial work in nature:

7/2/18 – 0.6 – Review of preliminary report

7/2/18 – 0.1 – Review of PACER search record (nothing)

7/2/18 – 0.3 – Review of Defendant's web site

7/2/18 – 0.2 – Review of division of corporation's records re: resident agent

7/2/18 – 0.2 – Review of county property appraiser's records

7/2/18 – 0.2 – Review of DBR records

7/12/18 – 0.2 – Preparation of summons

7/22/18 – 0.1 – PACER check

7/22/18 – 0.2 – Preparation of Cover Sheet

7/22/18 – 0.2 – Letter to clerk re: same

8/8/18 – 0.2 – Preparation of spoliation letter

8/8/18 – 0.2 – Preparation of certificate of interested persons

8/8/18 – 0.2 – Preparation of N/related cases

8/8/18 – 0.1 – E-mail to process server w/ instructions

8/23/18 – 0.3 – Review of return & calculation of response time

9/6/18 – 0.2 – Preparation of attorney spoliation letter

10/25/18 – 0.2 – Preparation of N/filing

Paralegal fees are recoverable as part of an attorney's fees award. *Bostick v. State Farm Mutual Automobile Insurance Company*, No. 8:16-cv-1400-T-33AAS, 2018 WL 3244015, at *8 (M.D. Fla. May 23, 2018). However, "hours expended on clerical or secretarial work should not be billed at a paralegal rate." *Id.* citing *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989) (stating "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them"); *see also Scelta v. Delicatessen Support Services, Inc.*, 203 F.Supp.2d 1328, 1334 (M.D. Fla. May 13, 2002) (concluding purely secretarial or clerical work is unrecoverable under an award of attorney's fees); *see also Kennedy v. 5096 Forest Hill Investments, LLC*, No. 9:15-cv-81001 (S.D. Fla. Oct. 29, 2015) (clerical functions such as organizing files, copying documents, checking the docket, updating files, checking court dates and delivering papers is unrecoverable under an award of attorney's fees); *Kennedy v. Fountain of Boynton Associates, Ltd.*, No. 16-81902-civ-Marra/Matthewman, 2017 WL 5957662, at *4

(S.D. Fla. Nov. 6, 2017) ("In this case, all of the billing completed by [Plaintiff's counsel's paralegal] for initial file setup, collating, scanning, and filing falls within the category of secretarial tasks and is not recoverable.")  That being said, the following entries should be reduced:

6/19/18 – 0.3 – Initial file setup

7/22/18 – 0.3 – Preparation of package for clerk

1/3/19 – 1.0 – Collate fees motion for filing

Plaintiff's counsel also seeks $115.00 per hour for the work of his paralegal, but fails to identify the paralegal who performed the work in this case or provide any information about the paralegal's background and experience.  To the extent this Court is inclined to award fees for counsel's paralegal, it certainly should not exceed $95.00 per hour.  *See Sun Coast Motels, Inc.,* 8:18-cv-01688-JSM-CPT (M.D. Fla. Dec. 21, 2018) ($95.00 per hour); *Three J's L.L.P.,* 2018 WL 1036989, *4 ($95.00 per hour); *KSK Investments LLC,* 2017 WL 6403072, at *2 ($95.00 per hour); *Hull Storey Retail Group, LLC,* 2012 WL 3853520, at *4 ($95.00 per hour); *Harty v. Bapuji, Inc.,* No. 8:10-cv-2720-T-27TBM, 2012 WL 2044970, at *5 (M.D. Fla. May 17, 2012) (finding $90.00 to be a reasonable hourly rate).

Excessive Hours

A majority of the hours previously mentioned above are also excessive in nature given the use of boilerplate pleadings and documents filed and served in similar cases, as well as Plaintiff's longstanding relationship with counsel.  Mr. Cullen billed a total of 1.2 hours in six (6) to twelve (12) minute increments, reviewing form orders and filing copies of documents he

prepared.  This time is excessive and should be reduced.[3]  *See KSK Investments LLC*, 2017

WL 6403072, at \*3 (reducing time spent reviewing form orders and filed copies of documents

Plaintiff's counsel prepared).  Plaintiff's counsel also billed a total of two (2) hours preparing

and making minor revisions to a form consent decree.[4]  This time should be reduced.  Plaintiff's

counsel also billed 3.4 hours preparing "response [to] D M/hearing including legal research re:

Local Rules & requirement to confer," as well as an additional 0.2 hours to proofread and

revise his response.  A simple four-page motion that required very minimal research should

not take an experienced attorney 3.6 hours.  This time should be significantly reduced.

Plaintiff's counsel also billed a total of 11.2 hours preparing his fee motion.[5]  This time

is excessive and should be significantly reduced.  *Nipper v. Lakeland Hotel Investors, Ltd.*,

8:10-cv-498-T-33EAJ, 2010 WL 4941718, \*5 (M.D. Fla. Nov. 30, 2010) (reducing the 5.2

hours of attorney time needed to prepare motion for attorneys' fees and costs to 1 hour); *Oliva*

*v. Infinite Energy, Inc.*, 1:11-cv-232-MP-GRJ, 2013 WL 6815989, at \*7-8 (N.D. Fla. 2013)

(reducing time spent to prepare fee affidavit from 5 hours to 3 hours and reducing research

regarding the issue of attorney's fees from 44.2 to 15).

The following entries are also excessive:

---

[3]  8/8/18 - 0.2 review filed complaint; 8/8/18 - 0.2 review of issued summons; 9/12/18 - 0.1 review of order denying D M/evidentiary hearing; 10/16/18 - 0.2 review of ADA order; 10/25/18 - 0.1 review of signed answers to interrogatories; 11/27/18 - 0.1 review of executed consent decree; 11/27/18 - 0.1 review of executed stipulation for entry; 11/28/18 - 0.1 review of consent decree signed by client; 12/7/18 - 0.1 review of entered final order

[4] 9/26/18 - 0.3 preparation of draft consent decree; 9/27/18 – 0.1 preparation of revised consent decree; 10/18/18 – 0.9 draft of 3rd consent decree; 11/7/18 – 0.5 preparation of 4th consent decree; 11/7/18 – 0.2 preparation of revised consent decree

[5] 12/11/18 – 0.6 – Review of time records & e-mail to o/c re: same; 12/29/18 – 0.3– Work on fees motion including review of e-mails, etc.; 1/2/19 – 4.0 – Work on fees motion including legal research and preparation of first draft; 1/3/19 – 0.3 – Review time records; 1/3/19 – 6.0 – Review and revise fees motion

7/12/18 – 1.5 – Preparation of draft complaint

7/12/18 – 0.2 – Email to client re: same

8/30/18 – 1.0 – Preparation of draft agreement & e-mail to o/c re:  same

9/5/18 – 0.7 – Review of D Rule 11 Motion

9/18/18 – Preparation of draft case management report & e-mail to o/c re same & certificate of interested persons[6]

9/26/18 – 4.2 – Work on M/enforce settlement[7]

9/27/18 – 0.4 – Preparation of stipulation for entry and 0.3 – Preparation of final order[8]

### A.    *Expert Fees*

Plaintiff seeks $600.00 for the work of Daniel Pezza at an hourly rate of $200.00, but fails to demonstrate why Mr. Pezza should be compensated at the requested hourly rate. Plaintiff does not attach the resume or affidavit of Mr. Pezza and fails to describe other experts' fees for similar work.  Plaintiff simply failed to offer *any* explanation or information for why the amounts requested are reasonable. *See Sun Coast Motels, Inc.,* 8:18-cv-01688-JSM-CPT (M.D. Fla. Dec. 21, 2018) (DE 16) (reduced to $300); *Radio Road Plaza Investments LLC*, 2017 WL 88944, *3 (court noted that plaintiff failed to provide curriculum vitae for the expert); *Kennedy v. Fountains of Boynton Associates, Ltd*., No. 16-81902-CIV-Marra/Matthewman,

---

[6] These entries are excessive because Plaintiff's counsel prepared and filed boilerplate documents that have been utilized in other matters.  This amount should be reduced. *See Kennedy v. Bonom Enterprises, Inc*., No. 8:18-cv-62175-BLOOM (S.D. Fla. Nov. 15, 2018) (DE 16); *See Sun Coast Motels, Inc.,* 8:18-cv-01688-JSM-CPT (M.D. Fla. Dec. 21, 2018).

[7] This time should be significantly reduced because Plaintiff's counsel never filed this motion.

[8] These entries are excessive because Plaintiff's counsel prepared and filed boilerplate documents that have been utilized in other matters.  This amount should be reduced. *See Kennedy v. Bonom Enterprises, Inc*., No. 8:18-cv-62175-BLOOM (S.D. Fla. Nov. 15, 2018) (DE 16); *See Sun Coast Motels, Inc.,* 8:18-cv-01688-JSM-CPT (M.D. Fla. Dec. 21, 2018).

2017 WL 5957662, at *5 (S.D. Fla. Nov. 6, 2017) (denying expert fees because of the complete lack of information for the Court to determine the reasonableness of the fees sought); *Gomez v. Lindeberg USA, LLC*, No. 16-22966-CIV-Williams, 2016 WL 9244732, at *3 (S.D. Fla. Oct. 18, 2016) (reducing the expert costs by 50%"); *Houston*, 2013 WL 3874026, at *3 (reducing Plaintiff's counsel's expert fee by 25%). To the extent this Court is inclined to award fees for Mr. Pezza, it certainly should not exceed the $150 hourly rate consistently awarded in the Middle District of Florida. *See Soriano v. C&N Management, Inc*., No. 8:16-cv-1351-T-30AEP, 2017 WL 2215674, at 2 (M.D. Fla. May 19, 2017) (awarding the expert $150 hourly rate "given the existing precedent in this district to award an hourly rate of $150"); *Arin Enterprises, LLC*, No. 8:17-cv-2465-T-23AEP (M.D. Fla. Oct. 16, 2018) (awarding $150 hourly rate for expert); *Raetano v. Msawel*, No. 8:12-cv-1625-T-30TBM, 2013 WL 1465290, at *2 (M.D. Fla. Apr. 11, 2013) (finding $185 hourly rate excessive and awarding $150 hourly rate).

## Conclusion

To the extent the Court is inclined to award any fees, Defendant suggests that an overall reduction of 50% would be proper in determining the reasonable number of hours spent by Plaintiff's counsel litigating this matter at a rate of no more than $300.00 per hour, $150 per hour for Plaintiff's expert and $95.00 per hour for Plaintiff's counsel's paralegal. *See Fox*, 2009 WL 1393348, at *4 citing *Access for the Disabled, Inc. v. Missouri Mart, Inc*., No. 8:05-cv-392-T-23MSS, 2006 WL 5432711, at *2-3 (M.D. Fla. Dec. 7, 2006) (court reduced fee requested by 50% noting ADA litigation is "repetitive and form intensive, as demonstrated by the eight other cases filed by plaintiffs on the same day this case was filed.")

Dated:   January 24, 2019
         Boca Raton, FL

Respectfully submitted,

*s/ Daniel R. Levine*

DANIEL R. LEVINE, ESQ.
Florida Bar No. 0057861
E-mail:   DRL@PBL-Law.com
ERICA A. GONSALVES, ESQ.
Florida Bar No. 125538
E-mail:   EG@PBL-Law.com
PADULA BENNARDO LEVINE, LLP
3837 NW Boca Raton Blvd., Suite 200
Boca Raton, FL   33431
Telephone:    (561) 544-8900
Facsimile:    (561) 544-8999
Attorneys for Defendant

### CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Daniel R. Levine*
DANIEL R. LEVINE, ESQ.
ERICA A. GONSALVES, ESQ.

### SERVICE LIST

*Patricia Kennedy v. Benito Lecoche d/b/a Tarpon Shores Inn*
Case No. 8:18-cv-01945-JSM-SPF
United States District Court, Middle District of Florida

| | |
|---|---|
| Philip Michael Cullen, III<br>E-Mail:  CULLENIII@aol.com<br>Thomas B. Bacon, PA<br>621 S. Federal Highway, Suite 4<br>Fort Lauderdale, FL  33312<br>Telephone:     (954) 462-0600<br>Facsimile:     (954) 462-1717<br>Counsel for Plaintiff<br>*Via CM/ECF* | Daniel R. Levine, Esquire<br>E-Mail:  DRL@PBL-Law.com<br>Padula Bennardo Levine, LLP<br>3837 NW Boca Raton Blvd., Suite 200<br>Boca Raton, FL  33431<br>Telephone:     (561) 544-8900<br>Facsimile:     (561) 544-8999<br>Counsel for Defendant<br>*Via CM/ECF* |
| | Erica A. Gonsalves, Esquire<br>E-Mail:  EG@PBL-Law.com<br>Padula Bennardo Levine, LLP<br>3837 NW Boca Raton Blvd., Suite 200<br>Boca Raton, FL  33431<br>Telephone:     (561) 544-8900<br>Facsimile:     (561) 544-8999<br>Counsel for Defendant<br>*Via CM/ECF* |